UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Ahmed El Haibe MOHAMED TAHER,
Petitioner,
v.
Markwayne MULLIN, et al.,
Respondents.

Case No.: 26-cv-3796-AGS-DEB

**ORDER DENYING HABEAS PETITION (ECF 1)**

Petitioner Ahmed Mohamed Taher seeks a writ of habeas corpus releasing him from immigration detention. But he is currently in the 90-day window of statutorily mandated detention known as the "removal period," so he doesn't qualify for release.

On March 13, 2026, Mohamed Taher was ordered removed from the United States. (ECF 5-1, at 2.) After some further litigation, petitioner eventually sought relief from the Board of Immigration Appeals. (ECF 6, at 3.) On "September 23, 2026," the BIA "denied petitioner's appeal," making his removal order administratively final. *See also Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) (deeming a removal order administratively final "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)"). That BIA ruling triggered what is known as the "removal period"—"a period of 90 days" during which the government "*shall* detain the alien" while seeking his removal. *See* 8 U.S.C. § 1231(a)(1)(A) (emphasis added); *see also Guzman Chavez*, 594 U.S. at 533–34 ("[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'") (discussing 8 U.S.C. § 1231(a)(1)(B))).

Because Mohamed Taher's removal period only began 43 days ago, he is still in the 90-day window of statutorily mandated detention. In other words, his detention is not merely legal, but required. This is so even though petitioner has been in immigration custody for seven months. The detention statute at issue here—8 U.S.C. § 1231—concerns only the custodial time *after* his removal order was finalized six weeks ago. *See Johnson*,

594 U.S. at 533–34 (discussing the interplay between § 1231 and a pre-removal-order detention statute). Any pre-removal-order custody does not count toward the 90-day removal period. *See Johnson*, 594 U.S. at 533; 8 U.S.C. § 1231(a)(1)(A).

To the extent petitioner "directly challenge[s] the merits of the immigration judge's findings," "the Court does not have jurisdiction over these claims." *Yousefi v. LaRose*, No. 3:26-cv-00272-RBM-VET, 2026 WL 407957, at *2 (S.D. Cal. Feb. 13, 2026); (*see* ECF 1, at 12 (arguing that the "Immigration Judge" and "agency" "failed to conduct a meaningful inquiry into [p]etitioner's specific, individualized fear")); *see also Guerrier v. Garland*, 18 F.4th 304, 309 (9th Cir. 2021) (noting that binding precedent "would seem to foreclose . . . the petitioner's request for review of an immigration judge's negative credible fear determination").

In sum, Mohamed Taher's habeas petition is **DENIED**. The November 9, 2026 hearing is vacated. The Clerk must issue a judgment and close this case.

Dated: November 5, 2026

Hon. Andrew G. Schopler
United States District Judge